105 P.3d 705

**Carl Lewis MADISON, Petitioner-Appellant,**

v.

**Olivia CRAVEN, Ed Chenney and David Trail, Respondents.**

No. 30605.

Court of Appeals of Idaho.

Jan. 10, 2005.

**46**

Carl Lewis Madison, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Carl Lewis Madison appeals from the district court's orders dismissing his petition for a writ of habeas corpus and denying his motion to reconsider. For the reasons set forth below, we reverse and remand.

## I.

### FACTS AND PROCEDURE

Madison is an Idaho prison inmate. On November 14, 2003, Madison submitted a prisoner civil rights complaint[1] apparently alleging, amongst other things, that his Fifth Amendment rights were violated. Madison simultaneously filed a motion and affidavit for fee waiver. Madison signed the motion for fee waiver on November 3, 2003. Madison attached a copy of his inmate account statement to the motion for fee waiver. The inmate account statement included transactions from October 1, 2002 to October 23, 2003. The statement revealed that Madison had received regular monthly deposits of $30 from a prison job. The statement also showed that Madison had a balance of $8.31. Based on the motion and accompanying documents, the district court issued an order, dated December 24, 2003, requiring that Madison make a partial payment of the filing

fee in the amount of $3.83 to file his complaint. The order also included a notice stating that the complaint would be dismissed if Madison failed to make the partial payment in a timely manner—within thirty days.

On January 14, 2004, Madison filed a motion to appeal the order requiring him to make partial payment of the filing fee. Madison attached a copy of his inmate account statement including transactions from December 1, 2002 to January 9, 2004. The statement showed that Madison had a negative balance in his account of $42.40, that he had no deposits into the account for approximately four months, and that he was no longer receiving $30 per month in income. The district court treated Madison's motion to appeal as a motion for reconsideration.

Madison later received a letter from the district court informing him that his civil rights complaint was reviewed and would be treated as a habeas corpus action. The district court also issued an order denying Madison's request to reconsider. Finally, the district court dismissed Madison's petition for writ of habeas corpus for failing to pay the required fee. The defendants listed in Madison's petition, Olivia Craven, Ed Chenney, and David Trail, did not take part in the underlying proceedings, as the district court did not order them to file a response.

Madison appeals from the district court's orders dismissing his petition for failure to partially pay the filing fee and denying his request for reconsideration. On appeal, Madison contends that the district court abused its discretion in requiring him to partially pay the filing fee and that it erred in treating his complaint as a petition for habeas corpus rather than a prisoner civil rights complaint.

## II.

### ANALYSIS

Madison contends that the district court's order, entered pursuant to I.C. § 31–3220A, requiring him to partially pay the filing fee

---

1. Madison's civil rights complaint, treated by the district court as a petition for writ of habeas corpus, is not a part of the record on appeal.

The district court returned the petition to Madison upon an eventual dismissal.

violated his rights to access the courts and to equal protection. Idaho Code Section 31–3220A describes the procedures to be followed when prisoners seek to file certain types of civil actions with partial payment of court fees. Under this statute, an action includes any civil suit or proceeding including appeals from those suits and habeas corpus petitions. A prisoner who seeks to file an action with partial payment of court fees must file a motion to proceed on partial payment and an affidavit containing information demonstrating the prisoner's inability to pay all court fees at the time of filing the action. I.C. § 31–3220A(2)(a) and (b). In addition to the motion and affidavit, the prisoner must also submit a certified copy of his or her inmate account that reflects the activity of the account over the period of incarceration or for twelve months, whichever is less. I.C. § 31–3220A(2)(c). After reviewing the information provided and considering the prisoner's ability to pay all court fees at the time of filing the action, the district court must order the prisoner to pay all or part of the court fees. I.C. § 31–3220A(3). The statute includes a safety-valve provision, which provides that in no event shall a prisoner be prohibited from bringing an action for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee. I.C. § 31–3220A(7).

Madison argues that requiring him to partially pay the filing fee violates his rights to access the courts and to equal protection. Idaho appellate courts have not yet addressed this issue. But, several other courts have and, in doing so, have held that requiring an inmate to pay filing fees, partially or in whole, in civil cases does not violate the inmate's rights to access the courts or to equal protection. *See Taylor v. Delatoore*, 281 F.3d 844, 848–50 (9th Cir.2002) (holding that the filing fee provisions of 28 U.S.C. § 1915(b) do not violate the inmate's constitutional right to meaningful access to the courts and to equal protection); *Tucker v. Branker*, 142 F.3d 1294, 1297–1301 (D.C.Cir. 1998) (same); *Lucien v. DeTella*, 141 F.3d 773, 775–76 (7th Cir.1998) (holding § 1915(b) does not violate the right to access the courts); *Shabazz v. Parsons*, 127 F.3d 1246, 1248–49 (10th Cir.1997) (holding that the fee provisions of § 1915(b) pass constitutional muster); *Norton v. Dimazana*, 122 F.3d 286, 289–91 (5th Cir.1997) (holding § 1915(b) does not violate inmate's access to the courts); *Nicholas v. Tucker*, 114 F.3d 17, 20–21 (2d Cir.1997) (holding § 1915(b) did not violate inmate's access to the courts or to equal protection); *Mitchell v. Farcass*, 112 F.3d 1483, 1489 (11th Cir.1997) (holding § 1915(b) does not violate the equal protection clause); *Roller v. Gunn*, 107 F.3d 227, 230–34 (4th Cir.1997) (holding § 1915(b) does not violate an inmate's rights to equal protection or access to the courts); *Hampton v. Hobbs*, 106 F.3d 1281, 1284–87 (6th Cir.1997) (same). These cases address the issue with respect to 28 U.S.C. § 1915(b), which describes procedures to be followed when a prisoner seeks to file certain civil actions or appeals in the federal courts.[2] Other courts have addressed the issue with respect to state statutes. *See Beck v. Symington*, 972 F.Supp. 532, 533–37 (D.Ariz.1997) (holding that Arizona statutes requiring inmates to pay court fees and costs do not violate the inmate's rights to access to the courts or to equal protection); *Brandon v. Corrections Corp. of*

---

**2.** The federal statute, 28 U.S.C. § 1915(b) reads, in pertinent part:

(1) ... if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

    (A) the average monthly deposits to the prisoner's account; or

    (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

    . . .

(4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

*America,* 28 P.3d 269, 274–79 (Alaska 2001) (holding inmate filing fee statute for civil actions did not violate equal protection or the right to access to the courts).

▆ Inmates have a constitutional right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Drennon v. Hales,* 138 Idaho 850, 853, 70 P.3d 688, 691 (Ct.App. 2003). That access must be adequate, effective, and meaningful. *Bounds,* 430 U.S. at 822, 97 S.Ct. at 1495, 52 L.Ed.2d at 79. This right, however, is not absolute or unconditional in the civil context, except in a very narrow group of cases where the inmate has a fundamental interest at stake. *Taylor,* 281 F.3d at 848. The United States Supreme Court has recognized only two such fundamental interests that require state courts to completely waive filing fees for indigent persons—those challenging termination of their parental rights or those seeking a divorce. *See M.L.B. v. S.L.J.,* 519 U.S. 102, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996); *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

▆ Madison has not argued that his desire to file a civil case in Idaho state courts without having to pay filing fees involves a fundamental interest and neither of the two fundamental interests recognized by the United States Supreme Court apply in this case. Additionally, Madison concedes in his reply brief that I.C. § 31–3220A does not infringe on his right to access the courts. We note that the filing fee provisions found in Section 31–3220A are structured so as not to preclude the filing of actions by indigents and, therefore, the statute does not burden any fundamental rights. *See Taylor,* 281 F.3d at 849. The provisions do not prevent a prisoner from filing his or her civil action. The filing fee provisions do require a prison-er to pay the filing fees when funds exist pursuant to the formula outlined in Section 31–3220A(5).[3] Although the statute includes such a provision, a prisoner is not prevented from filing his or her action and, thus, he or she is not denied meaningful access to the courts.

▆ Madison additionally argues that his complaint was dismissed for failure to pay monies that he did not have, whereas a wealthy citizen would be able to file the claim and that the requirement to pay filing fees violates his right to equal protection. Equal protection issues focus upon classifications within a statutory scheme that allocate benefits or burdens differently among categories of persons affected. *See Primary Health Network, Inc. v. State, Dep't of Admin.,* 137 Idaho 663, 670, 52 P.3d 307, 314 (2002). The Equal Protection Clause of the Fourteenth Amendment is designed to ensure that those persons similarly situated with respect to a governmental action should be treated similarly. *Id.* When reviewing the constitutionality of statutes impacting on social or economic areas, the rational basis test is generally appropriate. *Id.* Under the rational basis test, the equal protection clause is violated only if classification is based solely on reasons totally unrelated to the pursuit of the state's goals and only if no grounds can be advanced to justify those goals. *Id.*

▆ After reviewing Section 31–3220A it is apparent that the intent of the legislature was to create a disincentive for the filing of frivolous claims by inmates and assuring financial accountability of prisoners.[4] Section 31–3220A requires inmates to make decisions concerning the merits of their case and discourages them from filing frivolous lawsuits. Discouraging frivolous prisoner litigation and assuring prisoner financial accountability are legitimate concerns of the state and the clas-

3. Section 31–3220A(5) reads:
   After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to the prisoner's inmate account until the full amount of all applicable court fees ... are paid. The agency or entity having custody of the prisoner shall forward payments from the prisoner's inmate account to the clerk of the court each time the amount in the prisoner's inmate account exceeds ten dollars ($10.00) until the full amount of all applicable court fees ... are paid.

4. The Statement of Purpose for Senate Bill 1386, Section 31–3220A, provides that, "the purpose of this bill is to assure the commitment and personal financial accountability of prisoners seeking to pursue litigation."

sification is based on the state's goal of reducing frivolous litigation. Thus, Madison fails to demonstrate a violation of his equal protection rights.

Having determined that Section 31–3220A does not violate Madison's rights to access the courts or to equal protection, we must consider whether the district court erred in dismissing Madison's petition for writ of habeas corpus under the safety-valve provision of the statute. *See Taylor*, 281 F.3d at 850.

■ Section 31–3220A(7) provides that "in no event shall a prisoner be prohibited from bringing an action for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Additionally, Section 31–3220A(4) provides that a district court can only collect a partial payment of filing fees "when funds exist." Although Madison's initial inmate account statement showed a positive balance, Madison filed a motion, treated by the district court as a motion for reconsideration, which included an updated inmate account statement more accurately reflecting transactions that had occurred by the time Madison filed his initial complaint and motion. The updated copy showed that Madison had a negative balance in his account at the time he signed and filed his motion for fee waiver, that he was no longer receiving income, and that no deposits had been made into his account for approximately four months. The statement reflected Madison's status as indigent, that he had been charged approximately $50 for copies of legal papers and postage, and that he had a negative balance of $42.40. The district court's order denying Madison's motion for reconsideration of the order requiring him to partially pay filing fees, however, found that no new information had been submitted and did not address Section 31–3220A(7), the safety-valve provision. Thus,

even though it was proper for the district court to assess a partial filing fee, it was error to dismiss the action when the funds did not exist in Madison's account. This determination, however, does not mean that Madison does not have to pay the filing fee. He may be required to pay the fee when funds exist pursuant to Section 31–3220A(5).

Madison also claims that the district court erred in treating his petition as one for habeas corpus rather than a civil rights complaint. Since the record does not contain Madison's initial complaint, we are unable to make that determination.

## III.

### CONCLUSION

Based on the foregoing, we conclude that I.C. § 31–3220A, requiring inmates to pay partial filing fees to initiate a civil action, does not violate an inmate's rights to access the courts and to equal protection. However, the district court erred in failing to apply the safety-valve provision of Section 31–3220A(7) to Madison's evidence submitted with his motion to reconsider. Therefore, we reverse the district court's order dismissing Madison's petition for writ of habeas corpus and we remand to the district court for proper application of Section 31–3220A(7). No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, concur.