**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35887**

| | | |
|---|---|---|
| **LERAJJAREANRA-O-KEL-LY,** | ) | 2009 Opinion No. 59 |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: August 24, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MARK SCHOW,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Richard T. St. Clair, District Judge.

Order denying motion to waive sheriff's fee for service of writs, <u>affirmed</u>.

Lerajjareanra-o-kel-ly, appellant, appearing pro se.

Mark Schow, respondent, did not participate on appeal.

---

GRATTON, Judge

Lerajjareanra-o-kel-ly (Appellant) appeals from the district court's order denying his motion to waive the sheriff's fee for service of writs of execution and garnishment. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In June 2008, the district court entered a judgment pursuant to a jury verdict in favor of Appellant against Mark Schow in the amount of $8,448.28. A debtor's examination was conducted before the district court in October 2008. At the debtor's examination, Appellant moved the district court to enter an order waiving the sheriff's fee for service of writs of execution and garnishment. The district court denied Appellant's motion for a waiver and he appeals.

1

## II.

## ANALYSIS

Appellant's only argument to this Court is that he was denied equal protection of the law because, as a prisoner, Idaho's statutory scheme for proceeding in forma pauperis does not provide for a waiver of the sheriff's fee for service of writs of execution and garnishment when such a waiver is available for nonprisoner indigent persons. Specifically, Appellant argues that Idaho Code § 31-3220(6)[1] provides for a waiver of fees in certain cases for indigent persons but excludes prisoners and Idaho Code § 31-3220A[2] governing indigent prisoner filing fees generally requires at least partial payment of fees in violation of his right to equal protection of the laws.[3] Schow, as the Respondent, did not file a brief or otherwise participate in this appeal. Whether there is an equal protection violation because indigent nonprisoners are treated

---

[1]　Idaho Code Section 31-3220(6) governs waiver of fees for indigents, but specifically excludes prisoners. That statute provides that "the officers of the court shall issue and serve all process, and perform all duties in cases in which the person is found by the court to be indigent. . . . Payment of fees for service of process and witnesses, where required, shall be paid out of the district court fund of the county in which the action is filed." I.C. § 31-3220(6). It is not entirely clear from the language of the statute whether indigent nonprisoners are eligible for a waiver of a fee that is directed to the sheriff for service of writs of execution or garnishment. *See, e.g.,* Robert F. Koets, Annotation, *What Constitutes "Fees" or "Costs" Within Meaning of Federal Statutory Provision (28 U.S.C.A. § 1915 and Similar Predecessor Statutes) Permitting Party to Proceed In Forma Pauperis Without Prepayment of Fees and Costs or Security Therefor*, 142 A.L.R. FED. 627 (1997) (examining what fees can be waived in a similar federal statute); E. E. Woods, Annotation, *What costs or fees are contemplated by statute authorizing proceeding in forma pauperis*, 98 A.L.R.2d 292 (1964). However, for the purpose of this opinion only we will assume, without deciding, that an indigent nonprisoner is eligible for a waiver of the fee directed to the sheriff for service of writs of execution or garnishment and that an indigent prisoner is not eligible for such a waiver.

[2]　Idaho Code Section 31-3220A governs the inability of prisoners to pay certain fees. The statute outlines a procedure whereby an indigent inmate may make an initial partial payment of court fees and authorizes money to be deducted from the inmate's prison account to be applied toward the balance. The statute also contains a safety-valve provision, which provides that "in no event shall a prisoner be prohibited from bringing an action for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." I.C. § 31-3220A(7).

[3]　Although not entirely clear from Appellant's pro se briefs, we will construe his equal protection challenge to the statute as a facial attack and not an as-applied challenge, in part because Appellant did not follow the procedures contained within the statute in an attempt to be granted partial waiver of cost.

2

differently than indigent prisoners under Idaho's statutory scheme for waiver of certain fees is a question of first impression in Idaho.

The United States Code contains a statutory scheme for proceeding in forma pauperis that is substantially similar to the Idaho Code sections at issue in this case. Like the Idaho statutes, the United States Code contains different requirements for indigent prisoners who are attempting to proceed in forma pauperis than for indigent nonprisoners. Specifically, the first section of the statute grants a complete waiver of fees for nonprisoners and the section applicable to prisoners provides, in pertinent part:

> Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.
> (4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

28 U.S.C. §§ 1915 (b)(1)-(4).

The jurisdictions that have evaluated 28 U.S.C. § 1915 on constitutional grounds have concluded that there is no equal protection violation despite the different treatment prisoners receive as compared with nonprisoner indigents. *See, e.g., Tucker v. Branker,* 142 F.3d 1294, 1301 (D.C. Cir. 1998) (holding that "making the filing-fee provision of the PLRA applicable to indigent prisoners but not to other indigent civil plaintiffs has a rational basis and does not violate the equal protection component of due process"); *Nicholas v. Tucker,* 114 F.3d 17, 20 (2d Cir. 1997) (holding that "the Act easily passes the rational basis test. The problem of frivolous prisoner lawsuits has been well-documented and need not be repeated here. Suffice it to say that

3

federal courts spend an inordinate amount of time on prisoner lawsuits, only a very small percentage of which have any merit"); *Mitchell v. Farcass,* 112 F.3d 1483, 1488 (11th Cir. 1997) (noting that, "unlike other prospective litigants who seek poor person status, prisoners have all the necessities of life supplied . . . . For a prisoner who qualifies for poor person status, there is no cost to bring a suit and, therefore, no incentive to limit suits to cases that have some chance of success"); *Roller v. Gunn,* 107 F.3d 227, 234 (4th Cir. 1997) (noting that "in sum, the equal protection question is not a close one"); *Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir. 1997) (concluding that "the fee requirements of the Prison Litigation Reform Act also do not violate a prisoner's right to equal protection").

The above-cited cases all apply a similar constitutional analysis that begins with the proposition that prisoners are not a suspect class and that the federal statutory scheme does not violate a prisoner's fundamental right of access to the courts. Therefore, the Courts employed rational basis review. *See City of New Orleans v. Dukes,* 427 U.S. 297, 303 (1976) (holding that "unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest"). The courts all noted that the governmental interest behind 28 U.S.C. § 1915 was to curb the growing number of meritless prisoner suits being filed. The Courts noted many rational reasons for treating prisoners and nonprisoners differently, including: prisoner lawsuits have been skyrocketing in number; prisoner filings have become somewhat of a recreational activity for the prisoners; prisoners have abundant free time and do not have to pay for life's necessities; and, given the nature of prisoner accounts, the post hoc installment payments are easier to administer for prisoners than for the public at large. Therefore, the federal courts have unanimously concluded that there is no equal protection violation based on the difference of treatment between prisoner and nonprisoner indigents.

Under Idaho's statutory scheme, the treatment of indigent prisoners compared with indigent nonprisoners is essentially the same as it is under the federal statutory framework. Similarly, this Court has already noted the legislature's intent in passing I.C. § 31-3220A to reduce frivolous prisoner litigation:

4

After reviewing Section 31-3220A it is apparent that the intent of the legislature was to create a disincentive for the filing of frivolous claims by inmates and assuring financial accountability of prisoners. Section 31-3220A requires inmates to make decisions concerning the merits of their case and discourages them from filing frivolous lawsuits. Discouraging frivolous prisoner litigation and assuring prisoner financial accountability are legitimate concerns of the state and the classification is based on the state's goal of reducing frivolous litigation.

*Madison v. Craven,* 141 Idaho 45, 48-49, 105 P.3d 705, 708-09 (Ct. App. 2005) (footnote omitted). Given the relevant federal authority and the legitimate legislative intent behind the different treatment of indigent prisoners verses indigent nonprisoners within the Idaho Code, we conclude that Appellant's equal protection claim fails.

## III.

## CONCLUSION

The difference in treatment pursuant to I.C. §§ 31-3220 and 31-3220A between indigent prisoners and indigent nonprisoners is justified by a legitimate legislative purpose. Therefore, we conclude that Appellant's claim that the statutory scheme at issue in this case violates a prisoner's right to equal protection of the laws fails. Neither costs nor fees are awarded to either party, in part, because the Respondent did not participate in this appeal.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**