FILED

JAN 09 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   ID-11-1060-DJuMk |
| ) | |
| BARRYNGTON EUGENE SEARCY, ) | |
| ) | Bk. No.   09-00248-TLM |
| Debtor. ) | |
| _____) | |
| ) | Adv. No.   09-06082-TLM |
| BARRYNGTON EUGENE SEARCY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **O P I N I O N** |
| ) | |
| ADA COUNTY PROSECUTING ) | |
| ATTORNEY'S OFFICE, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Submitted without oral argument
on November 17, 2011

Filed - January 9, 2012

Appeal from the United States Bankruptcy Court
for the District of Idaho

Honorable Terry L. Myers, Chief Bankruptcy Judge, Presiding

Appearances:     Barryngton Eugene Searcy, appellant pro se, on
brief
Heather M. McCarthy, Deputy Prosecuting Attorney
on brief for Appellee Ada County Prosecuting
Attorney's Office

Before:  DUNN, JURY, and MARKELL, Bankruptcy Judges.

DUNN, Bankruptcy Judge:

The appellant Barryngton Eugene Searcy ("Mr. Searcy") appeals the bankruptcy court's Memorandum of Decision ("Memorandum Decision") and Order determining that attorney's fees and costs in the total amount of $13,172.00, awarded by the Idaho state District Court and Court of Appeals against Mr. Searcy and in favor of the appellee Ada County Prosecuting Attorney's Office ("Ada County"), are excepted from Mr. Searcy's discharge in bankruptcy under 11 U.S.C. §§ 523(a)(7) and (17).[1] We AFFIRM.

## Factual Background

The essential facts in this appeal are not in dispute. The following factual narrative is derived from the statement of facts set forth by the bankruptcy court in the Memorandum Decision, supplemented from the Excerpts of Record filed by Ada County and the bankruptcy court's electronic docket for adversary proceeding no. 09-06082-TLM.[2]

Mr. Searcy is a prisoner serving a fixed life sentence in the custody of the Idaho Department of Corrections. On June 14,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] We may take judicial notice of the bankruptcy court's electronic docket and the documents filed therein. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2006, while incarcerated, Mr. Searcy filed a civil complaint in the Ada County District Court ("District Court") against, among others, Ada County and several of its employees (collectively, the "Ada County Defendants"). Mr. Searcy's complaint, as amended, alleged claims for negligence and intentional infliction of emotional distress and sought a declaratory judgment that the Ada County Defendants had violated his rights.

On March 17, 2007, the District Court dismissed two of Mr. Searcy's claims pursuant to Idaho R. Civ. P. 12(b)(6) and Idaho Code § 31-3220A(14), concluding that they were frivolous and failed to state a claim upon which relief could be granted. On April 5, 2007, the District Court granted summary judgment in favor of the Ada County Defendants on Mr. Searcy's remaining claims, finding those claims frivolous as well. The Ada County Defendants requested, and the District Court awarded them, attorney's fees under Idaho Code § 31-3220A(16) in the amount of $7,944.

Mr. Searcy appealed the District Court's dismissal and summary judgment orders. In August 2008, the Idaho Court of Appeals ("Court of Appeals") affirmed the District Court's orders and concluded that the District Court's award of attorney's fees to the Ada County Defendants was proper under Idaho Code § 31-3220A(16). Moreover, the Court of Appeals also determined that Mr. Searcy's appeal was frivolous and met the criteria for an award of attorney's fees under both Idaho Code §§ 31-3220A(16) and 12-121. The Court of Appeals awarded the Ada County Defendants attorney's fees of $5,000 and costs of $228, for a total award of $5,228.

-3-

On February 5, 2009, Mr. Searcy filed a petition for relief under chapter 7. Mr. Searcy disclosed the two awards of attorney's fees and costs in his schedules as claims. Mr. Searcy received his discharge on May 12, 2009.

On October 8, 2009, Ada County filed an adversary proceeding complaint ("Complaint") seeking to except from Mr. Searcy's discharge the awards of attorney's fees and costs by the District Court and the Court of Appeals in Ada County's favor under §§ 523(a)(7) and (17). Mr. Searcy filed an answer to the Complaint and asserted three counterclaims against Ada County. Approximately two weeks before the trial, Mr. Searcy withdrew his counterclaims.

The Complaint was tried on October 27, 2010. Mr. Searcy stipulated to the amounts of the District Court's judgment for attorney's fees and the Court of Appeals' order awarding attorney's fees and costs, as well as to the admission as evidence of the District Court's judgment and the Court of Appeals' order.

After hearing argument, the bankruptcy court took the matter under advisement. On January 12, 2011, the bankruptcy court issued its Memorandum Decision concluding that the attorney's fees and costs awarded to Ada County by the District Court and the Court of Appeals against Mr. Searcy were excepted from his discharge under §§ 523(a)(7) and (17). The bankruptcy court entered its Order excepting Ada County's claims against Mr. Searcy in the amount of $13,172 from discharge on January 24, 2011. Mr. Searcy timely appealed.

-4-

## Jurisdiction

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## Issue

Did the bankruptcy court err in concluding that Ada County's claims for attorney's fees and costs were excepted from Mr. Searcy's discharge?

## Standard of Review

We review a bankruptcy court's legal conclusions, including its interpretation of the Bankruptcy Code and state laws, de novo. Roberts v. Erhard (In re Roberts), 331 B.R. 876, 880 (9th Cir. BAP 2005), aff'd, 241 F. App'x 420 (9th Cir. 2007); B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 229 (9th Cir. BAP 2008).

## Discussion

A.    Exceptions to Discharge Generally and § 523(a)(7) in Particular

Section 523(a)(7) provides an exception to discharge for a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, . . . ." There are three requirements for a debt to be excepted from discharge under § 523(a)(7): 1) the debt must be for a fine, penalty or forfeiture; 2) the debt must be payable to or for the benefit of a governmental unit; and 3) the debt cannot constitute compensation for actual pecuniary loss.

While Mr. Searcy does not dispute that Ada County is a

-5-

governmental unit for purposes of the § 523(a)(7) exception to discharge, he argues that his debt to the county is not a "fine, penalty or forfeiture," and he further argues that the awards of attorney's fees and costs to Ada County do in fact constitute "compensation for actual pecuniary loss." We deal with each of these arguments in turn.

    1.    <u>Awards of Attorney's Fees and Costs under Idaho Code § 31-3220A(16) are Penalties</u>

We agree with Mr. Searcy that the statutory exceptions to discharge generally are to be construed strictly in favor of the debtor and against those seeking to except debts from the debtor's discharge. <u>See, e.g.</u>, <u>Snoke v. Riso (In re Riso)</u>, 978 F.2d 1151, 1154 (9th Cir. 1992). In interpreting statutes, if the language is clear on its face, that generally ends the matter.

> The starting point in discerning congressional intent is the existing statutory text, <u>see</u> <u>Hughes Aircraft Co. v. Jacobson</u>, 525 U.S. 432, 438 (1999) . . . . It is well established that "when the statute's language is plain, the sole function of the court–at least where the disposition required by the text is not absurd–is to enforce it according to its terms."

<u>Lamie v. United States Trustee</u>, 540 U.S. 526, 534 (2004) (citations omitted).

However, where statutory language is ambiguous, courts need to look beyond the specific language of the subject statute to the context in which that language is used and to relevant legislative history, if it exists. "[W]hether a statute is ambiguous is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." <u>Hough v. Fry (In re Hough)</u>,

-6-

239 B.R. 412, 414 (9th Cir. BAP 1999) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997)).

Interpretation of § 523(a)(7) has a history in chapter 7 cases. In Kelly v. Robinson, 479 U.S. 36 (1986), the Supreme Court confronted the issue of whether a debtor could discharge a restitution debt to the Connecticut Office of Adult Probation, imposed as a condition of probation in her criminal sentence for wrongful receipt of welfare benefits, in a chapter 7 bankruptcy. In Kelly, while reiterating that the "starting point in every case involving construction of a statute is the language itself" (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 756 (1975) (Powell, J., concurring)), the Supreme Court went on to state, "[b]ut the text is only the starting point." 479 U.S. at 43. The court went on to cite the specific language of § 523(a)(7) but further stated that, "[t]his language is subject to interpretation." Id. at 50. The Supreme Court concluded that § 523(a)(7) "creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures." Id. at 51 (emphasis added). The Supreme Court ultimately held in Kelly that the debtor's restitution debt, imposed as a condition of her criminal probation, was not discharged in her chapter 7 case, in spite of the fact that the word "restitution" does not appear in § 523(a)(7).

In this appeal, the question is whether the § 523(a)(7) exception to discharge covers awards of attorney's fees and costs under Idaho Code § 31-3220A(16). Although the question of whether a debt is a "fine, penalty or forfeiture" for purposes of § 523(a)(7) is a question of federal law, we look to state law to

-7-

determine whether the subject debt is such an obligation. <u>See, e.g.,</u> <u>Hickman v. Texas (In re Hickman)</u>, 260 F.3d 400, 405 (5th Cir. 2001); <u>Colorado v. Jensen (In re Jensen)</u>, 395 B.R. 472, 481 (Bankr. D. Colo. 2008).

Idaho Code § 31-3220A(16) provides:

The court shall award reasonable costs and attorney's fees to the defendant or respondent if the court finds that:
(a) Any allegation in the prisoner's affidavit is false;
(b) The action or any part of the action is frivolous or malicious; or
(c) The action or any part of the action is dismissed for failure to state a claim upon which relief can be granted.

As noted in the statement of Factual Background above, the District Court dismissed two of Mr. Searcy's claims as frivolous and for failure to state a claim upon which relief could be granted and granted summary judgment on Mr. Searcy's remaining claims, finding them to be frivolous as well. The Court of Appeals affirmed, finding Mr. Searcy's appeal to be frivolous. Mr. Searcy does not contest those determinations. Accordingly, the awards of attorney's fees and costs under Idaho Code § 31-3220A(16) by the District Court and the Court of Appeals concerned in this appeal are supported by findings under Idaho Code § 31-3220A(16)(b) and (c).

By its terms, awards of attorney's fees and costs against prisoners under Idaho Code § 31-3220A(16) are mandated based on a prisoner's filing a false affidavit, taking frivolous or malicious actions, or filing unwarranted claims in civil litigation. The "Statement of Purpose" for Idaho Senate Bill 1394 ("SB 1394"), the legislation adopting Idaho Code § 31-3220A,

states:

> The purpose of this legislation is to place prison and jail inmates on an equal footing with other civil law litigants concerning claims against the state and counties. Under current law, there are no disincentives for the filing of frivolous claims by inmates. While preserving the right of inmates to file meritorious claims, <u>this legislation imposes financial costs and consequences upon inmates who file frivolous claims and subject the Idaho taxpayers to literally millions of dollars in defense costs</u>. (Emphasis added.)

It is true, as argued by Mr. Searcy and as noted by the bankruptcy court, that the terms "fine," "penalty" and "forfeiture" are not found in Idaho Code § 31-3220A(16). Rather, the terms used in the statute's "Statement of Purpose" are "disincentives," "financial costs" and "consequences." The synonyms for "disincentive" noted in Collins Thesaurus are "discouragement, deterrent, impediment, damper, dissuasion, determent." <u>Collins Thesaurus of the English Language</u> (Harper Collins Publishers 2d ed. 2002). However, we agree with the bankruptcy court that use or nonuse of the terms "fine, penalty or forfeiture" is not dispositive. <u>See</u> <u>Kelly v. Robinson</u>, 479 U.S. at 51; <u>Forney v. Hoseley (In re Hoseley)</u>, 96.1 I.B.C.R. 37, 39 (Bankr. D. Idaho 1996).

The language of Idaho Code § 31-3220A(16) and its legislative history consistently indicate that the primary purpose of the Idaho statute concerned in this appeal is to deter prisoners from filing frivolous civil litigation, implemented by imposing attorney's fees and costs as a penalty for prisoners' actions in filing and pursuing such litigation. In other words, Idaho Code § 31-3220A(16) imposes a "penalty" on prisoners for filing frivolous lawsuits. <u>See</u> <u>Madison v. Craven</u>, 105 P.3d 705,

-9-

708-09 (Idaho Ct. App. 2005) ("Section 31-3220A requires inmates to make decisions concerning the merits of their case and discourages them from filing frivolous lawsuits. Discouraging frivolous prisoner litigation and assuring prisoner financial accountability are legitimate concerns of the state and the classification is based on the state's goal of reducing frivolous litigation.").

We conclude that Idaho Code § 31-3220A(16) imposes a "penalty" for purposes of our analysis under § 523(a)(7) as a matter of law, and we agree with the bankruptcy court in so determining.

2. Awards of Attorney's Fees and Costs under Idaho Code § 31-3220A(16) are not Dischargeable as "Compensation for Actual Pecuniary Loss"

Mr. Searcy further argues that awards under Idaho Code § 31-3220A(16) do not qualify for exception from his discharge because they "serve to compensate 'the defendant or respondent' for their legal expenses incurred during the course of a frivolous civil litigation. The statute is compensatory, rather than penal, in both nature and function." Appellant's Opening Brief at 7. We agree with Mr. Searcy that in effect, if Ada County were to collect any amount of the District Court or Court of Appeals awards of attorney's fees and costs against him, it would be reimbursed for actual expenses. Awards of attorney's fees and costs generally are based on actual out-of-pocket costs. Indeed, a "Fiscal Note" in the legislative history of SB 1394 states, among other things, that,

> Requiring non-indigent prisoners to pay normal filing fees and costs would increase court revenues. Subjecting prisoner assets to execution would increase

-10-

cost recovery by the state and local governments.

However, we disagree with Mr. Searcy that cost reimbursement is the essence or primary function of § 31-3220A(16), and that distinction is important.

Returning to the Supreme Court's decision in Kelly v. Robinson, the court recognized the differences between the restitution condition to probation considered in that case and traditional fines and penalties. "Unlike traditional fines, restitution is forwarded to the victim, and may be calculated by reference to the amount of harm the offender has caused." Kelly v. Robinson, 479 U.S. at 51-52. However, the Supreme Court concluded that the compensatory aspect of restitution was incidental to the primary purposes served by the restitution remedy in the criminal justice context.

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.

Id. at 52. Accordingly, the Supreme Court determined that the compensatory aspects of the criminal restitution remedy did not remove it from the § 523(a)(7) exception to discharge. Id. at 53.

The Ninth Circuit has considered this issue in State Bar of California v. Taggart (In re Taggart), 249 F.3d 987 (9th Cir. 2001), and State Bar of California v. Findley (In re Findley),

-11-

593 F.3d 1048 (9th Cir. 2010).

The Taggart decision turned on the Ninth Circuit's interpretation of two statutes under the then-current version of the California Business and Professions Code ("BPC"). BPC § 6086.10 characterized attorney's fees imposed for reimbursement of expenses in attorney disciplinary proceedings as "costs." Taggart, 249 F.3d at 992. However, BPC § 6086.13 authorized the California Supreme Court to award additional "monetary sanctions" in such proceedings. Id. at 991-92. The Ninth Circuit held that the structure of the BPC along with its legislative history indicated that "costs" were not fines or penalties. Id. at 994. The Ninth Circuit noted specifically that all indications were that California did not consider the assessment of costs in the subject context as penal in nature. Id. Accordingly, the costs of the chapter 7 debtor's attorney disciplinary proceeding were not excepted from his discharge under § 523(a)(7). Id.

In response to the Taggart decision, the California legislature amended BPC § 6086.10 to add a new subsection (e) that states:

> In addition to other monetary sanctions as may be ordered by the Supreme Court pursuant to Section 6086.13, costs imposed pursuant to this section are penalties, payable to and for the benefit of the State Bar of California, a public corporation created pursuant to Article VI of the California Constitution, to promote rehabilitation and to protect the public. This subdivision is declaratory of existing law.

When the Taggart analysis was next considered by the Ninth Circuit in Findley, the court determined that the Taggart decision had been undermined for several reasons: First, the addition of subsection (e) to the statute clarified the

-12-

legislative intent "'to promote rehabilitation and to protect the public,' rather than to provide compensation." In re Findley, 593 F.3d at 1052-53. Second, the distinction between "costs" and "sanctions" was eliminated by the California legislature's designating attorney disciplinary costs as "penalties" imposed "[i]n addition to other monetary sanctions." Id. at 1053 (citing Taggart, 249 F.3d at 991-93). Finally, the draftsman of the amended version of BPC § 6086.10, stated in a declaration submitted for the record that:

> Section 6086.10(e) was added to the California [BPC] to expressly clarify and re-state the intent of the California Legislature that disciplinary costs are monetary sanctions and are a part of the punishment imposed on California lawyers for professional misconduct by making him or her pay for part of the costs of the proceeding.

593 F.3d at 1053 (emphasis added). The Ninth Circuit recognized that even as revised, BPC 6086.10 retained provisions indicating a compensatory purpose. "Section 6086.10 costs continue to reimburse the State Bar for 'actual expenses' and 'reasonable costs' and depend on state expenditures for their imposition." Id. Nevertheless, the Ninth Circuit determined that the overriding penal and rehabilitative functions of the amended version of BPC § 6086.10 precluded discharge in bankruptcy of costs imposed under BPC § 6086.10 pursuant to § 523(a)(7). Id. at 1054.

Consistent with the Ninth Circuit's rationale in Findley, a number of other courts have concluded that even where a debt is intended to help defray government expenses, including attorney's fees, it may not be dischargeable if the primary purpose for its imposition is penal. See, e.g., United States Dept. of Hous. &

-13-

Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Va., Inc., 64 F.3d 920, 928 (4th Cir. 1995); Thompson v. Commonwealth of Virginia (In re Thompson), 16 F.3d 576, 580-81 (4th Cir. 1994); In re Zarzynski, 771 F.2d 304, 306 (7th Cir. 1985); In re Jensen, 395 B.R. at 487-88.

As noted above, by its terms and consistent with its stated purpose to discourage the filing of frivolous litigation by Idaho prison inmates, Idaho Code § 31-3220A(16) imposes a financial penalty to deter such litigation. We conclude that its primary purpose is punitive, and any reimbursement of costs and attorney's fees to Idaho governmental entities is merely incidental to its primary purpose. Accordingly, we agree with the bankruptcy court that "the elements of Idaho Code § 31-3220A(16) suggestive of compensatory purposes do not override its penal intent." We conclude that the bankruptcy court did not err in determining that Mr. Searcy's debt to Ada County was excepted from his discharge under § 523(a)(7).

B.   § 523(a)(17)

Mr. Searcy further appeals the bankruptcy court's determination that his debt to Ada County was excepted from his discharge under § 523(a)(17). However, since we have concluded that it is appropriate to affirm the bankruptcy court's decision to except Mr. Searcy's debt to Ada County from his discharge based on § 523(a)(7), we do not need to reach the § 523(a)(17) issues, and we decline to do so.

## Conclusion

For the foregoing reasons, we AFFIRM.

-14-