**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51686, 51687, 51688, 51689, 51690, 51691, 51692, 51693, & 51865**

| | |
|---|---|
| **ERIC JAMES STEINER,** | ) |
| | ) **Filed: May 22, 2025** |
| **Plaintiff-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **MONICA GRAY, SAMUEL A.** | ) **OPINION AND SHALL NOT** |
| **HOAGLAND, JEREMY** | ) **BE CITED AS AUTHORITY** |
| **CHURCHFIELD, ROBERT** | ) |
| **LINDBURG, JOSEPH WILDEN, JAKE** | ) |
| **DURBIN, DAYTON REED, JASON** | ) |
| **BROWN, and JUSTIN NORTHWAY,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

Appeals from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, Jason D. Scott, Annie McDevitt, Samuel Hoagland, and Joseph Borton, District Judges.

Judgments dismissing civil rights complaints, <u>affirmed</u>.

Eric James Steiner, Boise, pro se appellant.

_____

LORELLO, Judge

In these consolidated cases, Eric James Steiner appeals from judgments dismissing his pro se civil rights complaints with prejudice. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Steiner pled guilty to first degree murder (I.C. §§ 18-4001, 18-4002, and 18-4003) in an underlying criminal case. Steiner subsequently filed four motions to withdraw his guilty plea, which were denied by the district court. Thereafter, the district court imposed a determinate life sentence. Steiner appealed; however, he later voluntarily moved to dismiss his appeal with

1

prejudice and his appeal was dismissed. Steiner then filed a petition for post-conviction relief, which was summarily dismissed by the district court.

In these cases, Steiner filed numerous motions to proceed on a partial payment of fees under I.C. § 31-3220A and to commence civil actions against defendants: Monica Gray, Judge Samuel A. Hoagland, Jeremy Churchfield, Robert Lindburg, Joseph Wilden, Jake Durbin, Dayton Reed, Jason Brown, and Justin Northway. These cases were assigned to five district judges. In each case, the district court concluded the complaint failed to state a claim upon which relief could be granted and entered judgment dismissing Steiner's complaint with prejudice prior to service on the defendant(s). Steiner appeals.

## II.

## ANALYSIS

Idaho Code Section 31-3220A allows a prisoner to proceed in a civil action with partial payment of fees if the prisoner submits the proper information and the trial court finds the prisoner is unable to pay the full filing fees upon review of the information. The purpose of the statute requiring prisoners to pay civil action filing fees when funds exist is to create a disincentive for the filing of frivolous claims by inmates and to assure financial accountability of prisoners. *Madison v. Craven*, 141 Idaho 45, 48, 105 P.3d 705, 708 (Ct. App. 2005). Idaho Code Section 31-3220A provides that a court may dismiss an action under that section before or after service, on its own motion or by motion of a party, upon finding that the action fails to state a claim upon which relief can be granted.

The Idaho Rules of Civil Procedure similarly authorize dismissal where a plaintiff fails to state a claim upon which relief can be granted. I.R.C.P. 12(b)(6). Because both provisions permit dismissal for the same substantive reason and because the statute does not suggest a different standard, we will apply the law governing dismissal under I.R.C.P. 12(b)(6) to a dismissal based upon I.C. § 31-3220A(14)(d).

As an appellate court, we will affirm a trial court's dismissal under I.R.C.P. 12(b)(6) where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6), the nonmoving party is entitled to have all inferences from the record and

pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

## A. Public Defender

Steiner's complaint against Gray, a public defender, alleges she provided ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

The district court dismissed Steiner's complaint against Gray, reasoning that claims of ineffective assistance of counsel are properly brought in a petition for post-conviction relief. *See State v. Pentico*, 151 Idaho 906, 913, 265 P.3d 519, 526 (Ct. App. 2011) (holding claims of ineffective assistance of counsel are more appropriately presented through post-conviction relief proceedings where an evidentiary record can be developed). Moreover, the district court concluded Steiner's complaint failed to demonstrate that Gray acted with inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation.

Rather than presenting argument or authority that the district court erred in its rationale for dismissing the action, Steiner's briefing on appeal makes similar factual assertions as alleged in his complaint. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Furthermore, the district court

properly concluded that Steiner's complaint failed to state a claim upon which relief can be granted because, even assuming the ineffective assistance of counsel claim could be considered outside of a post-conviction proceeding, Steiner failed to establish a deficiency in Gray's performance or that he was prejudiced by her performance. The district court did not err when dismissing Steiner's action against Gray.

**B.      District Judge and Prosecuting Attorney**

Steiner filed separate complaints against Judge Hoagland and Reed. Judge Hoagland presided over Steiner's underlying criminal case. Steiner alleges Judge Hoagland falsified a legal document. Reed acted as the prosecuting attorney and filed a response to Steiner's petition for post-conviction relief and request for counsel. Steiner asserts Reed made false statements in that response, including that there was no possibility of a valid claim and that Steiner was not entitled to relief.

Idaho grants absolute immunity to judges and prosecuting attorneys at common law. *Shurbert v. Ada Cnty.*, 166 Idaho 458, 466, 461 P.3d 740, 748 (2020). Thus, Steiner's complaints fail to state a claim upon which relief can be granted. Moreover, Steiner fails to present argument or authority that the district court erred in its rationale for dismissing the action. *See Powell*, 130 Idaho at 128, 937 P.2d at 440 (holding a party waives an issue on appeal if either argument or authority is lacking). The district court did not err when dismissing Steiner's complaints against Judge Hoagland and Reed.

**C.      Police Department Employees**

All remaining defendants were involved in investigating Steiner's underlying criminal case. Steiner's complaint against Lindberg, a corporal for the police department, alleges that he made false statements in a police report. Likewise, Steiner's actions against police department detectives Churchfield, Wilden, Brown, Durbin, and Northway allege that each made false statements in police reports.

The district courts considering these claims properly concluded that Steiner failed to state a claim upon which relief could be granted because he does not explain how these alleged false statements caused him to be convicted of murder, a crime to which he pled guilty. For example, Steiner claims Churchfield made a false statement in the record when he reported that the events described by Steiner appeared to coincide with the evidence at the crime scene. Similarly, Steiner

claims Lindberg's statement contained in a police report that the evidence and circumstances at the crime scene were consistent with what Steiner disclosed to Churchfield as "completely false." Steiner alleges Wilden made a false statement when he described Steiner's vehicle as having a business title painted on the side, when the letters were actually made of vinyl. He claims Wilden also included the incorrect year when he stated the date of the return of service in his affidavit. Steiner alleges Durbin incorrectly described the color of a handgun he observed at the crime scene. Additionally, he claims Northway incorrectly described the location of the victim's body as being on the floor of the master bedroom with the vanity and toilet to the east side of her body, when the body was located on the master bathroom floor.[1]

In each case, Steiner seeks compensatory damages. The district courts properly reasoned that Steiner cannot be awarded compensatory damages unless a wrong committed by the defendants caused him to suffer harm. *See Todd v. Sullivan Const. LLC*, 146 Idaho 118, 123, 191 P.3d 196, 201 (2008) (holding compensatory damages are defined as damages that will compensate the injured party for the injury sustained, and nothing more, such as will simply make good or replace the loss caused by the wrong or injury). In each instance, Steiner fails to explain how the alleged false statements caused him to be convicted of murder or suffer other harm.[2] Any such argument would be puzzling given Steiner's judgment of conviction was entered based on the district court's acceptance of Steiner's plea of guilty, which the district court found to be entered freely, voluntarily, knowingly, and intelligently. Steiner's complaints against the investigators fail to state claims upon which relief can be granted, and the district courts did not err when dismissing Steiner's complaints against Lindberg, Churchfield, Wilden, Brown, Durbin, and Northway.

Moreover, Steiner fails to present argument or authority that the district courts erred in their rationale for dismissing the actions and this Court can affirm the dismissal of the complaints on this alternate basis. *See Powell*, 130 Idaho at 128, 937 P.2d at 440. Steiner's briefing on appeal

---

[1] The district court correctly noted in its order of dismissal that, "even though the word 'bedroom' is used, the context and description of the room clearly indicate that this was a scrivener's error and was meant to say 'bathroom.'"

[2] Steiner also claims Churchfield tampered with evidence when he corrected the time zone when viewing messages on Steiner's phone; however, he fails to explain how this caused him harm.

makes similar factual assertions as seen in his complaints rather than presenting argument or authority that the district courts erred in their rationale for dismissing the actions.

## III.

## CONCLUSION

Steiner's complaints fail to state claims upon which relief can be granted. Accordingly, we affirm the judgments dismissing his pro se civil rights complaints with prejudice.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.