In re Kenneth Frank STEIGER, Debtor.

Kenneth Frank STEIGER, Appellant,

v.

CLARK COUNTY, WASHINGTON and Department of Labor & Industries, Washington State, Appellees.

BAP No. WW–93–1057–BAsR.

Bankruptcy No. 87–09042.

Adv. No. A92–03174.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on July 23, 1993.

Decided Oct. 19, 1993.

908

Don Thacker, Vancouver, WA, for Kenneth Frank Steiger.

Art DeBusschere, Olympia, WA, for the Dept. of Labor & Industries.

Thomas C. Duffy, Vancouver, WA, for Clark County, WA.

Before BOWIE[1], ASHLAND and RUSSELL, Bankruptcy Judges.

## OPINION

BOWIE, Bankruptcy Judge:

After a trial on stipulated facts, the bankruptcy court rendered judgment declaring that a debt for $210,447.21, as set by an order of restitution entered in state court as part of a criminal sentence im-

1. Hon. Peter W. Bowie from the Southern District of California, sitting by designation.

posed upon conviction, was nondischargeable under both 11 U.S.C. §§ 523(a)(7) and (a)(9). Debtor appeals. WE AFFIRM.

## I. FACTS

On June 4, 1987 Steiger caused an automobile accident when his vehicle collided with a motorcycle ridden by Arnst and another vehicle operated by Whisenhunt. Arnst was killed and Whisenhunt injured, with extensive burns. Steiger was criminally charged with vehicular homicide and vehicular assault, pleaded not guilty, but was convicted after a three day jury trial. On November 10, 1987 Steiger was given an enhanced sentence of 50 months in custody and ordered to pay restitution in the amount of $210,447.21.

On November 30, 1987 Steiger filed a petition under Chapter 7. His schedules listed the victims and the State's Crime Victim Compensation Program as unsecured creditors. Debtor was granted a discharge on March 21, 1988. In February, 1992 debtor moved to reopen his case because the State was pursuing collection of the restitution judgment. After the case was reopened, debtor filed a complaint to determine that the debt was dischargeable under 11 U.S.C. § 523(a)(7). Clark County answered by the prosecutor, asserting the debt was nondischargeable under both § 523(a)(7) and (a)(9). Debtor asserts in his brief that his complaint was amended at trial to add dischargeability under (a)(9). The Washington State Department of Labor and Industries, which administers the Washington State Crime Victims Compensation Program, was allowed to intervene as a defendant.

Trial was held before the Bankruptcy Court on October 2, 1992, but no witnesses were called. The parties stipulated to the facts recited by the Clark County prosecutor in his trial memo, and certain documents were received. After argument, the Bankruptcy Court signed Findings of Fact and Conclusions of Law which set out the fact of, and injuries caused by, the accident, found that debtor had a blood alcohol level at the time of .19 (legal limit in Washington was .10), recited the facts of convic-

tion and the terms of the sentence, including the portion of the judgment requiring restitution, and concluded as a matter of law that the order for restitution was nondischargeable under both § 523(a)(7) and (a)(9).

## II. ISSUES

1. Whether the state criminal court's order of restitution is nondischargeable under § 523(a)(7).

2. Whether the state criminal court's order of restitution is nondischargeable under § 523(a)(9).

## III. STANDARD OF REVIEW

The facts in this case are undisputed and no issue of credibility is involved. *De novo* review is therefore appropriate. *In re Sluggo's Chicago Style, Inc.*, 912 F.2d 1073, 1074 (9th Cir.1990), *cert. denied*, 498 U.S. 1067, 111 S.Ct. 784, 112 L.Ed.2d 847 (1991).

## IV. DISCUSSION

**A. Dischargeability Under § 523(a)(7)**

■ 1. The central question on the issue of the nondischargeability of the restitution order under § 523(a)(7) is the breadth to be accorded the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Debtor argues that the opinion should be narrowly read with focus on the attributes of the Connecticut statutes involved, on who is to be compensated under the restitution order, and how the amount of restitution was determined. The State, on the other hand, argues that *Kelly v. Robinson* is to be read broadly, and that it is controlling.

The focus of the debtor is on two phrases within 11 U.S.C. § 523(a)(7). That subsection makes a debt nondischargeable:

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. . . .

The debtor argues that under Washington law the debt is not for the benefit of a

governmental unit, and that the restitution in this case is for "actual pecuniary loss". At first blush, debtor's argument appears to have some merit. However, the Supreme Court reviewed the same contentions in *Kelly v. Robinson* and directly rejected them, as set out below.

In *Kelly v. Robinson*, the Bankruptcy Court concluded the restitution debt was nondischargeable. The Court of Appeals for the Second Circuit reversed, and the Supreme Court reversed the Second Circuit. In so doing, the Supreme Court stated that the language of § 523 must be considered "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems." 479 U.S. at 44, 107 S.Ct. at 358. The Supreme Court reviewed the history of similar cases under the Bankruptcy Act and concluded:

> Thus, Congress enacted the Code in 1978 against the background of an established judicial exception to discharge for criminal sentences, including restitution orders. . . .

479 U.S. at 46, 107 S.Ct. at 359. The Court then stated:

> Our interpretation of the Code also must reflect the basis for this judicial exception, a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings. The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States.

479 U.S. at 47, 107 S.Ct. at 360. In announcing its conclusion, the Supreme Court made a broad declaration:

> But we need not address that question in this case [whether a criminal penalty is a debt within the meaning of § 101(4) ], because *we hold that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence.* (Emphasis added.)

479 U.S. at 50, 107 S.Ct. at 361.

In *Kelly v. Robinson*, the Supreme Court recognized the very issues the debtor presses here. The Court wrote:

Our reading of § 523(a)(7) differs from that of the Second Circuit. On its face, it creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures. Congress included two qualifying phrases; the fines must be both "to and for the benefit of a governmental unit," and "not compensation for actual pecuniary loss." Section 523(a)(7) protects traditional criminal fines; it codifies the judicially created exception to discharge for fines. We must decide whether the result is altered by the two major differences between restitution and a traditional fine. Unlike traditional fines, restitution is forwarded to the victim, and may be calculated by reference to the amount of harm the offender has caused.

In our view, neither of the qualifying clauses of § 523(a)(7) allows the discharge of a criminal judgment that takes the form of restitution. The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.

479 U.S. at 51–52, 107 S.Ct. at 362. The Court concluded:

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for ... compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State.

Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7).

In light of the strong interests of the States, the uniform construction of the old Act over three-quarters of a century, and the absence of any significant evidence that Congress intended to change the law in this area, we believe this result best effectuates the will of Congress.

479 U.S. at 53, 107 S.Ct. at 363 (footnote omitted).

■ In the face of the foregoing, debtor argues that *Kelly v. Robinson* is not controlling because Washington law provides that restitution is payable "to and for the benefit of the victim". In support of that argument, debtor asserts that Washington law allows the victim to enforce a restitution obligation. Debtor cites to subsection 9.94A.145(4) of the Washington Revised Code Annotated ("RCW") (West Supp. 1993). That subsection provides in pertinent part:

All legal financial obligations that are ordered as a result of a conviction for a felony, may also be enforced in the same manner as a judgment in a civil action by the party or entity to whom the legal financial obligation is owed.

Debtor argues that the victims in this case are individual persons, not the State, and that that fact distinguishes this case from *Kelly v. Robinson.* But the Supreme Court noted: "Unlike traditional fines, restitution is forwarded to the victim, and may be calculated by reference to the amount of harm the offender has caused." 479 U.S. at 51–52, 107 S.Ct. at 362. Nevertheless, the Court concluded that restitution orders "operate 'for the benefit of' the State." 479 U.S. at 53, 107 S.Ct. at 363. That is because inclusion of authority to order restitution as part of the state sentencing scheme is a traditional exercise of the "State's interests in rehabilitation and punishment...." For purposes of the present case, it makes no difference that the victim may be empowered to enforce the restitution order, if indeed that is what Washington law allows. Whatever the relevance of the foregoing, debtor overlooks the fact that debtor moved to reopen and filed this adversary against the state agencies attempting to enforce the order, not the individual victims.

■ Debtor argues that the instant case is also distinguishable because under Washington law restitution is mandatory, while under the Connecticut law reviewed in *Kelly* restitution was an option available as a condition of probation. Debtor overstates his argument somewhat, for the Washington statute provides in relevant part:

(2) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record.

RCW 9.94A.142 (West Supp.1993). Restitution is clearly part of the sentencing scheme adopted by the State of Washington and, as such, is for the benefit of the State within the rationale of *Kelly v. Robinson.* That a Washington judge may have less discretion on when to order restitution than a Connecticut judge does not change that conclusion.

Debtor argues that the order of restitution was "not based upon the Defendant's circumstances, the Defendant's ability to pay, or the desire for rehabilitation of the Defendant." On the latter point, debtor does not point to any evidence in the record to suggest that the Washington sentencing scheme does not include rehabilitation as one factor. As to the former point, regarding circumstances and ability to pay, RCW 9.94A.145(5), (7) provide for those considerations in setting, and modifying, a monthly payment amount.

■ Debtor's remaining argument is that the restitution ordered in this case was "compensation for actual pecuniary loss," contrary to the language of § 523(a)(7). RCW 9.94A.142(1) (West Supp.1993) provides in pertinent part:

Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury.

But the Supreme Court was not troubled by such a proposition in *Kelly v. Robinson.* To the contrary, the Court recognized such was the nature of restitution. The Court wrote:

> Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will affect the defendant differently than a traditional fine, paid to the State as an abstract and impersonal entity, and often calculated without regard to the harm the defendant has caused. Similarly, the direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine.

479 U.S. at 49, n. 10, 107 S.Ct. at 361 n. 10. The Court also observed: "Unlike traditional fines, restitution is forwarded to the victim, and may be calculated by reference to the amount of harm the offender has caused." 479 U.S. at 51–52, 107 S.Ct. at 362. As the Supreme Court recognized, a central feature of restitution is its relationship to the pecuniary loss of the victim. But the Court concluded restitution orders "are not assessed 'for ... compensation' of the victim", but rather to promote "the penal and rehabilitative interests of the State." 479 U.S. at 53, 107 S.Ct. at 363.

The Supreme Court made its position clear: "[W]e hold that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." 479 U.S. at 50, 107 S.Ct. at 361. The order of restitution in the instant case was imposed "as part of a criminal sentence," and is therefore not dischargeable under § 523(a)(7).[2]

## B.  Dischargeability Under § 523(a)(9)

■ Debtor argues that § 523(a)(9) does not make the restitution order debt nondischargeable because no civil judgment has been obtained, and any applicable statute of limitations for commencing a civil action has long passed. Debtor argues that a criminal judgment is not a judgment within the meaning of § 523(a)(9) for purposes of determining dischargeability.

The Bankruptcy Court disagreed. It found:

> 14. The criminal judgment in the above referenced state criminal action was a judgment for the purpose of 11 USC Section 523(a)(9) which was added to 11 USC 523 by Pub.L. 98–353, Section 371(2), which became effective 90 days after July 10, 1984.

ER at Exh. 12.

As stated in the 1987 code, subsection 523(a)(9) makes nondischargeable a debt:

> (9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States....

11 U.S.C. § 523(a)(9) (1987). Parsing the subsection yields the following elements: 1) a judgment or consent decree; 2) entered in a court of record; 3) against the debtor; 4) for liability incurred from operation of a motor vehicle while legally intoxicated. In the instant case, there is a judgment of criminal conviction for vehicular homicide and assault. The judgment was entered in the Superior Court for the State of Washington In and for the County of Clark. The debtor was the named defendant, against whom the judgment was entered. The counts for which debtor was convicted included as an element driving while intoxicated. The trial court made an express written finding of fact of a "high level of intoxication," and the uncontroverted find-

---

**2.**  This Panel has no occasion to comment on the remaining vitality of the limiting clauses of (a)(7) in civil cases involving fines, penalties or forfeitures.

ings of the Bankruptcy Court establish that State of Washington law holds that persons with a blood alcohol level of .10 or higher are legally intoxicated, and that debtor's level was .19 at the time of the crash.

Consequently, each of the elements of § 523(a)(9) have been met unless an additional requirement of a civil judgment is read into the statute. To be sure, judgments fixing damages in auto accident cases where the defendant was intoxicated will often be civil judgments. But there is nothing in § 523(a)(9) to preclude criminal judgments from meeting the statutory test. If debtor can be found liable criminally by proof beyond a reasonable doubt of causing injury and death while driving a vehicle when he was legally intoxicated, debtor would be precluded from relitigating any of those issues. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Debtor relies on *In re Rose*, 86 B.R. 86 (Bankr.E.D.Mich.1988) for the proposition that a criminal judgment does not meet the requirements of 523(a)(9). In *Rose*, the debtor was convicted of drunk driving, but his conviction did not involve elements of injury to a person, and his sentence did not include an order of restitution. The *Rose* court concluded that the criminal conviction in that case would not support a judgment under § 523(a)(9) because:

> The "entity" which receives a favorable judgment in a criminal conviction is the State, not the injured individual. The "liability ... incurred" as a consequence of a criminal conviction is criminal liability, not civil damages.

86 B.R. at 88. In the instant case, it is the State which obtained the conviction and judgment against Steiger and, as debtor's motion to reopen makes clear, it is the State which is seeking to collect on the judgment. It is the State which debtor made the defendant in this adversary proceeding.

The remaining concern is whether allowing a criminal court to fix the amount of the debt comports with due process, although the debtor has not raised that issue. In this case, it does comport with due process. As part of the sentencing process, the court is required to fix the amount of restitution under RCW 9.94A.142(1) "based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury." The order of restitution is part of the sentence, and the sentencing process, and appeal rights, afford the debtor the opportunity to challenge the correctness of the court's calculations of the amount due. The fact that the amount set for restitution may be *less* than an individual victim could recover in a civil suit, because RCW 9.94A.142(1) excludes damages for mental anguish and pain and suffering, does not mean the judgment is ineligible for protection under § 523(a)(9).

## V. CONCLUSION

Orders for restitution imposed as part of a criminal sentence conviction are nondischargeable under § 523(a)(7), as set out in *Kelly v. Robinson*. Criminal judgments which establish a debtor's liability for injury caused while operating a motor vehicle when legally intoxicated are judgments which may make a resulting debt nondischargeable under § 523(a)(9). The bankruptcy court was correct in so holding. WE AFFIRM.