**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DAVID A. ARMSTRONG,<br><br>     Debtor,<br>------------------------------<br>DAVID A. ARMSTRONG,<br><br>     Appellant,<br><br> v.<br><br>KRISTI KAPLON,<br><br>     Appellee. | No. 15-56475<br><br>D.C. No. 2:14-cv-09349-JAK<br><br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted February 16, 2017[**]
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,[***] District Judge.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Appellant David Armstrong appeals from the district court's order affirming a final order of the bankruptcy court, which held that a criminal restitution order imposed against Armstrong was nondischargeable pursuant to 11 U.S.C. § 523(a)(7). We have jurisdiction pursuant to 28 U.S.C. § 158(a) and 28 U.S.C. § 1291, and we affirm.

Section 523(a)(7) of the Bankruptcy Code states that a debtor may not discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss[.]" In *Kelly v. Robinson*, 479 U.S. 36 (1986), the Supreme Court held that "§ 523(a)(7) preserves from discharge *any* condition a state criminal court imposes as part of a criminal sentence." *Id.* at 50 (emphasis added). This includes criminal restitution orders such as the one imposed on Armstrong. As the Supreme Court held:

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for ... compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7).

*Id.* at 53. The Supreme Court based this broad holding upon a "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings." *Id.* at 47.

We have followed *Kelly*. *See In re Silverman*, 616 F.3d 1001, 1008 (9th Cir. 2010) ("As *Kelly* made clear, criminal restitution payments are non-dischargeable."); *In re Taggart*, 249 F.3d 987, 994 n.9 (9th Cir. 2001) ("The Supreme Court has held that '§ 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence.'") (quoting *Kelly*, 479 U.S. at 50); *In re Levy*, 951 F.2d 196, 198–99 (9th Cir. 1991) (*Kelly* "held that restitution obligations imposed in state criminal proceedings are not dischargeable.").

Nevertheless, Armstrong contends that his criminal restitution is dischargeable because, unlike the state statute at issue in *Kelly*, the California penal code provides for both "restitution" and a "restitution fine." *Compare* Cal. Penal Code § 1202.4(f) ("[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.") *with* Cal. Penal Code § 1202.4(b) ("In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution

3

fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."). Armstrong argues that the holding of *Kelly* extends only to the "restitution fine," and not to a restitution order issued pursuant to California Penal Code § 1202.4(f).

This argument is squarely precluded by *Kelly*, which categorically held that criminal restitution orders are nondischargeable. 479 U.S. at 49–50. The Court's holding did not hinge upon the specific language or structure of the state law at issue. Rather, it was based upon the desire not to interfere with state courts' "unfettered administration of their criminal justice systems." *Id.* at 44. Here, Armstrong's restitution order served California's penological interests and was imposed as a function of the administration of that state's criminal justice system. It therefore falls within the scope of *Kelly*, even though the California penal statute also provides for the imposition of a separate "restitution fine." To hold otherwise "would hamper the flexibility of state criminal judges in choosing the combination of imprisonment, fines, and restitution most likely to further the rehabilitative and deterrent goals of state criminal justice systems." *Id.* at 49.

Armstrong's remaining arguments are unavailing. First, we have no occasion to revisit or challenge *Kelly*. Second, the principle of federalism supports, not subverts, the Supreme Court's interpretation of Section 523(a)(7), for "[t]o allow a debtor to discharge this [restitution] obligation would be abhorrent to

the standards of federalism expressed in *Kelly* that bankruptcy statutes should not be interpreted so as to remit state criminal judgments." *In re Warfel*, 268 B.R. 205, 212 (B.A.P. 9th Cir. 2001). Third, the fact that the California statute provides that restitution is to be based on the amount of loss "claimed by the victim or victims" is irrelevant, for "such [is] the nature of restitution." *In re Steiger*, 159 B.R. 907, 912 (B.A.P. 9th Cir. 1993). The fact that restitution "may be determined by reference to the amount of harm caused by the offender . . . does not alter its penal character." *Warfel*, 268 B.R. at 210 (citing *Kelly*, 479 U.S. at 51–52).

**AFFIRMED.**