**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-18-1222-LSF |
| LENORE L. ALBERT-SHERIDAN, DBA Law Offices of Lenore Albert, | Bk. No. 8:18-bk-10548-ES |
| Debtor. | Adv. No. 8:18-ap-01065-SC |
| LENORE L. ALBERT-SHERIDAN, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| STATE BAR OF CALIFORNIA; MARICRUZ FARFAN; BRANDON TADY; ALEX HACKERT; YVETTE ROLAND; PAUL BERNARDINO, | |
| Appellees. | |

Argued and Submitted on February 21, 2019
at Pasadena, California

Filed – April 11, 2019

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott C. Clarkson, Bankruptcy Judge, Presiding

———————

Appearances: Lenore L. Albert-Sheridan argued pro se; Suzanne C. Grandt argued for Appellees.

———————

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

**INTRODUCTION**

Debtor Lenore Albert-Sheridan appeals the bankruptcy court's order dismissing her adversary proceeding against Appellees State Bar of California and its employees Maricruz Farfan, Brandon Tady, Alex Hackert, Yvette Roland, and Paul Bernardino. In that adversary proceeding, Ms. Albert[1] sought, among other things, a declaration that sanctions and costs ordered paid by the California Supreme Court as a condition of reinstatement of her law license were dischargeable. The bankruptcy court did not err in concluding that sanctions and costs were nondischargeable under § 523(a)(7).[2] The remaining causes of action

———————

[1]Although Debtor's last name is listed on her bankruptcy petition as "Albert-Sheridan," she refers to herself as "Lenore Albert" and "Ms. Albert" in her papers. We thus refer to her as "Ms. Albert" throughout this Memorandum.

[2]Unless specified otherwise, all chapter and section references are to the

(continued...)

pleaded in Ms. Albert's complaint were reliant on the premise that the entire amount was dischargeable. Because it found otherwise, the bankruptcy court did not err in dismissing the balance of Ms. Albert's complaint.

Accordingly, we AFFIRM.

## FACTUAL BACKGROUND

Ms. Albert was an attorney licensed to practice in the state of California. In 2015 and 2016, the State Bar of California ("State Bar") filed Notices of Disciplinary Charges in State Bar Court alleging that Ms. Albert had failed to cooperate with State Bar investigations, disobeyed superior court orders ordering Ms. Albert to pay discovery sanctions, failed to perform competent legal services, failed to render accounts of client funds, and failed to refund unearned fees.

After a trial, the State Bar Court found Ms. Albert culpable on all but one count and recommended a minimum 30-day suspension, after which Ms. Albert would remain suspended until she provided to the State Bar proof of payment of four court-ordered discovery sanctions. The State Bar Court also recommended that costs be awarded to the State Bar under California Business & Professions Code ("CBP") § 6086.10.

---

[2](...continued)
Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Ms. Albert appealed the recommendation to the State Bar Review Department, which found Ms. Albert culpable on two counts but dismissed the other two for insufficient evidence. The Review Department agreed with the recommendation of a 30-day suspension, proof of payment of three of the four discovery sanctions totaling $5,735 plus interest, and an award of costs to the State Bar.

Ms. Albert sought review of these determinations with the Supreme Court of California. On December 13, 2017, that court issued a final order of discipline reflecting the recommendation of the Review Department, including suspension. Ms. Albert sought rehearing, which the supreme court denied on February 14, 2018.

Ms. Albert filed for chapter 13 relief on February 20, 2018. She then moved the State Bar and the supreme court to reinstate her license and waive costs based on her inability to pay. The State Bar, believing the monetary sanctions were dischargeable in chapter 13, reinstated Ms. Albert's license retroactive to March 16, 2018.

On June 26, 2018, the bankruptcy court converted Ms. Albert's chapter 13 case to chapter 7 based on ineligibility under § 109(e) and Ms. Albert's inability to fund a confirmable plan. Thereafter, the State Bar sent a letter to the supreme court explaining that the case had been converted and requesting that the court deny Ms. Albert's motion for reinstatement. Ms. Albert also sent a letter to the supreme court arguing

4

that the debt remained dischargeable despite conversion. On July 25, 2018, the supreme court denied Ms. Albert's motion for reinstatement.

In the meantime, Ms. Albert filed an adversary proceeding against Appellees. The complaint alleged five causes of action: (1) dischargeability of debt under § 523(a)(7); (2) violation of § 525(a); (3) violation of 42 U.S.C. § 1983; (4) violation of Rosenthal Act/Fair Debt Collection Practices Act ("FDCPA"); and (5) unconstitutionality of CBP §§ 6103, 6086.10, and 6140.7. Ms. Albert sought: (1) declarations that (a) the debt to the State Bar is dischargeable; and (b) the statutes under which she was sanctioned and disciplined are unconstitutional as applied; (2) injunctive relief requiring the State Bar to reinstate her license based on its violations of § 525 and 42 U.S.C. § 1983; and (3) damages for violations of the Rosenthal Act/FDCPA. Ms. Albert concurrently filed an emergency motion for a temporary restraining order, which the bankruptcy court denied "due to insufficient grounds stated."

Appellees moved to dismiss the adversary proceeding for failure to state a claim. Appellees also asserted that the bankruptcy court should abstain pursuant to the *Younger* abstention and *Rooker-Feldman* doctrines. Lastly, they argued that the State Bar was entitled to Eleventh Amendment immunity and the individual defendants to judicial immunity. Ms. Albert filed an opposition, and the State Bar a reply. In the meantime, Ms. Albert filed a new Application for TRO and Order to Show Cause Why a

Preliminary Injunction Should Not Issue.

The bankruptcy court heard both matters on August 1, 2018. It denied Ms. Albert's motion for a TRO and granted the State Bar's motion to dismiss by separate orders entered August 9, 2018.

Ms. Albert timely appealed both orders.[3]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (I), and (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err in dismissing the adversary proceeding?

Did the bankruptcy court abuse its discretion in denying Ms. Albert's motion for a TRO and order to show cause?

## STANDARDS OF REVIEW

We review de novo a bankruptcy court's order granting a motion to dismiss for failure to state a claim. *Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1071 (9th Cir. 2012) (en banc); *Cedano v. Aurora Loan Servs., LLC (In re Cedano)*, 470 B.R. 522, 528 (9th Cir. BAP 2012). Under de novo

---

[3]On the same date Ms. Albert filed her notice of appeal, she filed an objection to the State Bar's proposed order and the bankruptcy court's order denying her application for a TRO. The bankruptcy court treated the objection as a motion to alter or amend under Civil Rule 59(e), incorporated in bankruptcy via Rule 9023, and denied it by order entered December 14, 2018. Ms. Albert did not separately appeal that order, nor did she amend her notice of appeal in this case.

review, we look at the matter anew, as if it had not been heard before, and as if no decision had been rendered previously, giving no deference to the bankruptcy court's determinations. *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

We review an order denying injunctive relief for an abuse of discretion. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635 (9th Cir. 2015). To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

In reviewing the bankruptcy court's decision on a motion to dismiss, we apply the same standards to Civil Rule 12(b)(6) dismissal motions that all other federal courts are required to apply. *Barnes v. Belice (In re Belice)*, 461 B.R. 564, 572–73 (9th Cir. BAP 2011). Under Civil Rule 12(b)(6), made applicable in adversary proceedings by Rule 7012, we may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Civil Rule 12(b)(6) dismissal motion, a complaint must present cognizable legal theories and sufficient factual allegations to support those

theories. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008). As the Supreme Court has explained:

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). In reviewing the sufficiency of a complaint under Civil Rule 12(b)(6), we must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Newcal Indus., Inc. v. Ikon Office Sols.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). However, we do not need to accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

We may use judicially noticed facts to establish that a complaint does not state a claim for relief. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

## A. The bankruptcy court did not err in granting Appellees' motion to dismiss.

The California Supreme Court ordered Ms. Albert to pay, as a condition to her license reinstatement: (1) costs of $18,714 incurred by the

State Bar in prosecuting Ms. Albert's misconduct pursuant to CBP § 6086.10(b)(3); and (2) unpaid discovery sanctions ordered by the superior court in the amount of $5,738 plus interest, payable to 10675 Orange Park Blvd LLC. The bankruptcy court found that both of these awards were nondischargeable under § 523(a)(7).

### 1. The bankruptcy court did not err in dismissing the first cause of action for a declaration of dischargeability.

Section 523(a)(7)(A) provides that a discharge under § 727 does not discharge an individual from a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ." There are three requirements for a debt to be excepted from discharge under § 523(a)(7): (1) the debt must be for a fine, penalty or forfeiture; (2) the debt must be payable to and for the benefit of a governmental unit; and (3) the debt cannot constitute compensation for actual pecuniary loss. *Searcy v. Ada Cty. Prosecuting Attorney's Office (In re Searcy)*, 463 B.R. 888, 891 (9th Cir. BAP 2012), *aff'd*, 561 F. App'x 644 (9th Cir. 2014).[4] "Although the question of whether a debt is a 'fine, penalty or forfeiture' for purposes of § 523(a)(7) is a question of federal law, we look to state law to determine whether the subject debt is such an obligation." *Id.* at 892 (citations omitted).

---

[4]In *Searcy*, although the Panel correctly quoted the statute, in its recitation of the requirements, it erroneously stated that the debt must be payable to **or** for the benefit of a governmental unit, when the statute is in the conjunctive.

The Supreme Court has held that criminal restitution ordered to be paid to the State of Connecticut as a condition of probation in state criminal proceedings was nondischargeable under § 523(a)(7). *Kelly v. Robinson*, 479 U.S. 36 (1986). In *Kelly*, the defendant pleaded guilty to larceny for wrongful receipt of welfare benefits. The state court conditioned the defendant's probation on making restitution to the State of Connecticut Office of Adult Probation. In her subsequent chapter 7 filing, the defendant sought a declaration of nondischargeability of the restitution. The bankruptcy court found the debt nondischargeable, the district court affirmed, and the Second Circuit Court of Appeals reversed.

The Supreme Court reversed the court of appeals, holding that despite the fact that the restitution at issue was facially for the benefit of the victim, it fell within the rubric of a fine or penalty under § 523(a)(7). This was because: (1) the victim has no control over the amount of restitution awarded or the decision to award restitution; and (2) the decision to impose restitution does not turn on the victim's injury but on the penal goals of the state and the situation of the defendant. *Id.* at 52.

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for . . . compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative

10

interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7). . . ."

*Id.* at 53. The Court's broad holding was that "§ 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Id.* at 50.

Under *Kelly*, then, notwithstanding the statutory language ("payable to and for the benefit of a governmental unit"), the determination of nondischargeability turns on the purpose of the restitution award rather than the ultimate recipient of the funds. *See id.* at 52-53. Where the purpose of the restitution is to further a governmental interest in rehabilitation and punishment, the ultimate payee of the restitution is not determinative of dischargeability. *Id.*

Courts in this circuit have applied *Kelly*'s holding to criminal restitution debts. *See, e.g., Armstrong v. Kaplon (In re Armstrong)*, 677 F. App'x 434 (9th Cir. 2017); *Steiger v. Clark Cty. (In re Steiger)*, 159 B.R. 907 (9th Cir. BAP 1993). Additionally, this Panel has held that attorney's fees assessed against an incarcerated debtor, payable to a county district attorney as a penalty for pursuing frivolous claims, qualified as a fine, penalty or forfeiture under § 523(a)(7). *In re Searcy*, 463 B.R. at 893.

Further, as discussed below, courts in the Ninth Circuit have applied *Kelly*'s holding to restitution ordered in attorney disciplinary proceedings as a condition of license reinstatement under under CBP § 6086.10 (costs

11

payable to the State Bar) and CBP § 6140.5(c)[5] (reimbursement to Client Security Fund). *See State Bar of Cal. v. Findley (In re Findley)*, 593 F.3d 1048 (9th Cir. 2010); *In re Phillips*, No. CV 09-2138 AHM, 2010 WL 4916633 (C.D. Cal. Dec. 1, 2010).

In contrast, in *Scheer v. State Bar of California*, 819 F.3d 1206 (9th Cir. 2016), the court of appeals held dischargeable under § 523(a)(7) a refund of client fees ordered paid by the State Bar Court (and affirmed by the California Supreme Court) as a condition of an attorney's reinstatement of active enrollment status. *Id.* at 1208-09. The refund was ordered by an arbitrator who found that the debtor had competently performed services and had done nothing willful or malicious, but California law required her to return the funds. The court of appeals found the debt dischargeable because it was not assessed for disciplinary reasons. *Id.* at 1211.

In all of these cases, dischargeability turned on the punitive nature of the fine or penalty at issue.

a. **Under *Findley*, the cost reimbursement ordered paid by the California Supreme Court pursuant to CBP § 6086.10 is nondischargeable under § 523(a)(7).**

The California Supreme Court ordered Ms. Albert to pay costs

_____

[5]That statute provides, in relevant part: "Any attorney whose actions have caused the payment of funds to a claimant from the Client Security Fund shall reimburse the fund for all moneys paid out as a result of his or her conduct with interest, in addition to payment of the assessment for the procedural costs of processing the claim, as a condition of continued practice. . . ."

pursuant to CBP § 6086.10(a), which provides:

> Any order imposing a public reproval on a licensee of the State Bar shall include a direction that the licensee shall pay costs. In any order imposing discipline, or accepting a resignation with a disciplinary matter pending, the Supreme Court shall include a direction that the licensee shall pay costs. An order pursuant to this subdivision is enforceable both as provided in Section 6140.7 and as a money judgment.

In *Findley*, the Ninth Circuit Court of Appeals considered the identical statute, CBP § 6086.10(a), and determined that costs imposed under it were nondischargeable under § 523(a)(7). 593 F.3d at 1054. The debtor in *Findley* was an attorney who was found to have violated the California Rules of Professional Conduct and the California Business & Professions Code in dealings with a client and was suspended from practice for one year. The supreme court adopted the State Bar's assessment of fees under CBP § 6086.10(a) to cover the cost of the disciplinary proceedings. While the disciplinary proceedings were pending, Findley filed a chapter 7 case and received a discharge. He then declined to pay the disciplinary cost award and sought reinstatement.

In the State Bar's adversary proceeding to determine the dischargeability of the cost award, the bankruptcy court ruled that the award was nondischargeable under § 523(a)(7). This Panel reversed, relying on *State Bar of California v. Taggart (In re Taggart)*, 249 F.3d 987 (9th Cir. 2001), in which the Ninth Circuit held that costs assessed under the

13

prior version of CBP § 6086.10 were dischargeable. On appeal to the Ninth

Circuit, the court of appeals noted that after *Taggart* was decided, the

California legislature had amended CBP § 6086.10 by adding subsection (e),

which provides:

> In addition to other monetary sanctions as may be ordered by the Supreme Court pursuant to Section 6086.13, costs imposed pursuant to this section are penalties, payable to and for the benefit of the State Bar of California, a public corporation created pursuant to Article VI of the California Constitution, to promote rehabilitation and to protect the public. This subdivision is declaratory of existing law.

The Circuit cited the legislative history of the amendment, which

made clear that its purpose was to clarify that orders to pay disciplinary

costs were nondischargeable penalties imposed on California lawyers for

professional misconduct. *In re Findley*, 593 F.3d at 1053. The Circuit held

that the amendment was "sufficient to render attorney discipline costs

imposed by the California State Bar Court non-dischargeable in bankruptcy

pursuant to 11 U.S.C. § 523(a)(7)." *Id.* at 1054.

Accordingly, the bankruptcy court did not err in concluding that

*Findley* mandated the conclusion that the costs assessed pursuant to CBP

§ 6086.10 are nondischargeable.

Ms. Albert contends that *Findley*'s conclusion that the California

legislature amended the statute in response to *Taggart* was wrong, and that

in any event the State of California did not have the power to legislate

14

around federal law, citing *Perez v. Campbell*, 402 U.S. 637, 652 (1971) (holding that state laws that frustrate the full effectiveness of federal law are rendered invalid by the Supremacy Clause). However, the bankruptcy court–and this Panel–are bound to follow Ninth Circuit precedent unless that precedent is overturned by the Supreme Court. *Deitz v. Ford (In re Deitz)*, 469 B.R. 11, 22 (9th Cir. BAP 2012) (citing *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1093 (9th Cir. 2007)). Because *Findley* controls the outcome here, we need not address Ms. Albert's other arguments regarding the cost award.[6]

The bankruptcy court did not err in ruling that the costs ordered by the California Supreme Court to be paid to the State Bar under CBP § 6086.10 as a condition of Ms. Albert's license reinstatement are nondischargeable.

> **b.      The bankruptcy court did not err in concluding that the discovery sanctions ordered to be paid by the California Supreme Court were nondischargeable.**

The California Supreme Court also ordered Ms. Albert to pay to the affected parties the discovery sanctions ordered by the superior court. Alternatively, it ordered Ms. Albert to reimburse the Client Security Fund to the extent of any payment from that fund to the payees.

---

[6]Ms. Albert notes that the cost form submitted by the State Bar states that it is for compensation for the State Bar's costs in prosecuting the Notices of Disciplinary Charges, arguing that this supports her position that such an award is purely compensatory. In light of *Findley*, we do not find this argument persuasive.

The discovery sanctions were imposed under California Civil Procedure Code § 2023.030, which provides in relevant part:

> (a) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. The court may also impose this sanction on one unsuccessfully asserting that another has engaged in the misuse of the discovery process, or on any attorney who advised that assertion, or on both. If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

California courts have held that discovery sanctions awarded under this statute are not intended to be punitive, but "to prevent abuse of the discovery process and correct the problem presented." *Parker v. Wolters Kluwer U.S., Inc.*, 149 Cal. App. 4th 285, 301 (2007). *See also Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967, 992 (2009) ("The trial court cannot impose sanctions for misuse of the discovery process as a punishment."). Despite this characterization, *Kelly* and its progeny support the conclusion that once the discovery sanctions were ordered paid by the supreme court as part of a disciplinary proceeding, they were transformed into a primarily punitive sanction that was nondischargeable under § 523(a)(7), despite the fact that the sanctions are payable to the affected parties rather than the State Bar.

The California Supreme Court has held that restitution ordered to be paid to the Client Security Fund as part of an attorney disciplinary proceeding would be nondischargeable in bankruptcy despite the fact that it had a compensatory effect. The court reasoned that

> [r]estitution imposed as a condition of probation serves the state interest of rehabilitating culpable attorneys (and protecting the public) by forcing the attorney to "confront, in concrete terms, the harm his actions have caused." Such restitution--especially when, as here, it is made payable to the State Bar Client Security Fund--is clearly for the benefit of the public at large, not the underlying victim in this case (who, we note, has already been compensated by the State Bar Client Security Fund). Because such restitution fundamentally serves the goal of rehabilitation, it is not merely compensation to the government for "actual pecuniary loss."

*Brookman v. State Bar*, 46 Cal. 3d 1004, 1009 (1988) (quoting *Kelly*, 479 U.S. at 49). *See also In re Phillips*, 2010 WL 4916633, at *5 (holding that debt to State Bar consisting of attorney's obligation under CBP § 6140.5(c) to reimburse the Client Security Fund was excepted from discharge under § 532(a)(7)).

Based on these authorities, regardless of whether Ms. Albert was required to reimburse the third parties or the Client Security Fund, the bankruptcy court did not err in concluding that the discovery sanctions ordered to be paid as a condition of reinstatement of her law license were nondischargeable under § 523(a)(7). At that point, the purpose of the payment of the discovery sanctions was punitive and rehabilitative, and

17

served the State's interest in regulating attorneys; it thus passed muster under *Kelly*. *See In re Phillips*, 2010 WL 4916633, at *4 (noting that the Supreme Court's focus in *Kelly* was on the governmental interest and purpose in imposing a fine or penalty, not on the ultimate destination of the money).[7]

_____

[7]We note that *Kelly* seems to have been expanded to the point where the requirement that the fine or penalty must be payable "to and for the benefit of a governmental unit" has been read out of the statute. *See Kelly*, 479 U.S. at 56 n.3 (Marshall, J., dissenting) (noting that the majority did not need to consider whether the payee was a governmental unit because the ultimate beneficiary of the restitution was the State of Connecticut, and pointing out that to hold all criminal restitution nondischargeable, including where the victim is a private individual, would read the "payable to and for the benefit of a governmental unit" requirement out of the statute). We also note, however, that Congress has amended the Bankruptcy Code several times in the thirty-three years since *Kelly* was decided; Congress could have overruled *Kelly*, but it has not done so. Further, we must follow *Kelly* and its Ninth Circuit progeny in any event.

Appellees cite three cases to support their contention that the payee of a fine does not matter so long as the fine is sufficiently penal and the state has sufficient interests: *In re Armstrong*, 677 F. App'x 434; *Hansbrough v. Birdsell (In re Hercules Enters., Inc.)*, 387 F.3d 1024 (9th Cir. 2004); and *In re Steiger*, 159 B.R. 907. Although we conclude that the bankruptcy court did not err in holding the discovery sanctions nondischargeable under § 523(a)(7), we do not rely on these cases. Both *Armstrong* and *Steiger* involved criminal restitution, which the respective reviewing courts held was nondischargeable under the Supreme Court's broad holding in *Kelly*. *In re Armstrong*, 677 F. App'x at 436; *In re Steiger*, 159 B.R. at 912. The *Armstrong* opinion did not state or analyze whether the restitution was payable to a governmental unit. In *Steiger*, although the restitution was payable to an individual, the BAP relied on *Kelly*'s broad holding that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence. 159 B.R. at 911. In *Hercules*, the Circuit held that the bankruptcy court erred in ordering that a contempt sanction imposed on a non-party would be nondischargeable in any subsequent personal bankruptcy filed by the non-party. But in

(continued...)

18

Ms. Albert argues on appeal that the discovery sanctions orders themselves were a "legal nullity" because the request for sanctions did not comply with California Civil Procedure Code § 2023.040, which requires the notice of motion to include the names of all "persons, parties or attorneys" to be sanctioned, and her name was not listed.[8] Ms. Albert did not present this argument to the bankruptcy court. Thus, we need not consider it. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989).[9]

**2.      The bankruptcy court did not err in dismissing Ms. Albert's cause of action under § 525.**

Ms. Albert alleged in her complaint that the State Bar was in violation of § 525 because it refused to reinstate her license until she paid the costs and sanctions as ordered by the supreme court. Section 525 provides in

---

[7](...continued)
dicta, the Circuit noted that under § 523(a)(7), "civil contempt sanctions are generally non-dischargeable where, as here, they are imposed to uphold the dignity and authority of the court." *In re Hercules Enters.*, 387 F.3d at 1029. The Circuit did not hold that the debt at issue (which was payable to the chapter 7 trustee) would be nondischargeable, nor did it analyze whether the fact that the trustee was the payee made a difference.

[8]That statute provides, in relevant part, "[a] request for a sanction shall, in the notice of motion, identify every person, party, and attorney against whom the sanction is sought, and specify the type of sanction sought."

[9]In Ms. Albert's opposition to the motion to dismiss filed in the bankruptcy court, she argued that the discovery sanction order was void because the commissioner who ordered the sanctions later recused himself "due to bias." She did not pursue this argument at the hearing on the motion, however. Additionally, Ms. Albert did not raise this issue with the California Supreme Court.

19

relevant part:

> a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

The bankruptcy court dismissed this claim based on its conclusion that the costs and discovery sanctions were nondischargeable. Because the bankruptcy court did not err in finding those debts nondischargeable, it did not err in dismissing the § 525 claim, as it is premised entirely on the debt at issue being dischargeable.

### 3. The bankruptcy court did not err in dismissing Ms. Albert's 42 U.S.C. § 1983 claim.

A plaintiff must allege two elements to state a cause of action under 42 U.S.C. § 1983: (1) that some person has deprived him of a federal right; and (2) that the person who has deprived him of that right acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

20

Here, Ms. Albert alleged that the individual defendants, acting under color of law, had violated her constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments. She requested "injunctive relief" and damages against those defendants. The acts complained of appear to be the State Bar's failure to explain why she was to be suspended effective February 14, 2018, by failing to give notice of the suspension, and by "snatching" her law license while she was in bankruptcy. She alleged that her suspension thwarted her attempt to run for Orange County District Attorney and disqualified her from representing a client in federal court.

The bankruptcy court dismissed this claim on grounds that the individual defendants had absolute immunity and that the cause of action was based upon the presumption that the costs and sanctions were dischargeable.

Ms. Albert points out that the State Bar filed a proof of claim, which resulted in a waiver of sovereign immunity. But the 42 U.S.C. § 1983 cause of action was brought against the individual defendants only. As to those defendants, the bankruptcy court did not err in ruling that they were entitled to immunity. State Bar employees are entitled to absolute quasi-judicial immunity under the Civil Rights Act for acts performed in their official capacities. *See Greene v. Zank*, 158 Cal. App. 3d 497, 508-09 (1984). Ms. Albert argues that Appellee Maricruz Farfan did not perform acts of a judicial nature because she was in charge of probation. But under

California law, probation officers performing their official duties of monitoring probation are performing quasi-judicial functions and are entitled to immunity. *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985); *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970).

In any event, conduct by the State Bar and its agents cannot constitute a deprivation of any federally protected rights. *See, e.g., Margulis v. State Bar of Cal.*, 845 F.2d 215, 216-17 (9th Cir. 1988); *Giannini v. Comm. of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir. 1988); *Chaney v. State Bar of Cal.*, 386 F.2d 962, 966 (9th Cir. 1967). Finally, because this cause of action was premised upon the dischargeability of the underlying debt, as a matter of law the complaint does not state a claim for relief under 42 U.S.C. § 1983. The bankruptcy court did not err in dismissing this cause of action.

### 4. The bankruptcy court did not err in dismissing Ms. Albert's cause of action for violations of the Rosenthal Act/FDCPA.

The bankruptcy court correctly found that the activities of the State Bar did not fall within the scope of either California's Rosenthal Act or the federal FDCPA and dismissed the cause of action on that ground.

This cause of action depends on the premise that the State Bar is acting as a debt collector under federal and state fair debt collection statutes. A debt collector is defined under the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or

who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition under the Rosenthal Act is similar, but specifically excludes attorneys. Cal. Civ. Code § 1788.2(c).

Attorney disciplinary proceedings are not designed or intended to be debt collection mechanisms for private parties, even where attorneys are ordered to pay money. *See Bach v. State Bar*, 52 Cal. 3d 1201, 1207 (1991) (in rejecting the argument that the State Bar and the California Supreme Court lacked jurisdiction to impose discipline in the form of suspension conditioned upon restitution to a former client, the court noted that in exercising their power to discipline attorneys, the State Bar and the California Supreme Court further the goals of protecting the public, preserving confidence in the legal profession, and the rehabilitation of errant attorneys; they do not "sit in disciplinary matters as a collection board for clients aggrieved over fee matters."). Ms. Albert has not cited any authority even suggesting that the State Bar or the individual defendants qualify as debt collectors under either the federal or state statutes.

The bankruptcy court did not err in dismissing this cause of action.

5. **The bankruptcy court did not err in dismissing Ms. Albert's cause of action for a declaration that CBP §§ 6086.10, 6103, and 6047 are unconstitutional.**

The bankruptcy court observed that the constitutional challenges were "indecipherable." We agree. The allegations supporting this cause of

action are rambling and seem to be based solely on the fact that Ms. Albert was disciplined and her various complaints about the process and result. Nothing in the allegations, even if taken as true, states a claim that the statutes are unconstitutional, even as applied. In her brief, Ms. Albert clarifies this cause of action by alleging that the statutes in question are being used to condition reinstatement of her license on payment of the costs and sanctions and thus are in violation of § 525 and *Perez*. Because the bankruptcy court correctly found no violation of § 525, it did not err in dismissing this cause of action.

**B.      We need not reach the issue of whether the bankruptcy court abused its discretion in denying Ms. Albert's application for a TRO.**

Because we are affirming the dismissal of Ms. Albert's complaint, we need not address the bankruptcy court's denial of her application for a TRO.

## CONCLUSION

The bankruptcy court did not err in dismissing Ms. Albert's complaint. Even taking the allegations of her complaint as true, as a matter of law she did not state any plausible claims for relief. We AFFIRM.