**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: RYAN O'HARA, | No. 19-60044 |
| Debtor, | BAP No. 19-1041 |
| RYAN O'HARA, | MEMORANDUM* |
| Appellant, | |
| v. | |
| UST - UNITED STATES TRUSTEE, LOS ANGELES, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Taylor, and Spraker, Bankruptcy Judges, Presiding

Submitted December 9, 2020**
Pasadena, California

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: OWENS and LEE, Circuit Judges, and COGAN,<sup>***</sup> District Judge.

Ryan O'Hara appeals the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's dismissal of his Chapter 11 case. The United States Trustee has not participated in this appeal. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

**1.** The bankruptcy court correctly concluded that Mr. O'Hara could not assert issue preclusion to determine the amount that a certain claim was secured. The creditor, Chapman Leonard Studio Equipment ("Chapman"), held a $4.5 million judgment. Chapman had recorded an abstract of judgment, creating a judgment lien on Mr. O'Hara's residence. See Cal. Civ. Proc. Code § 697.310(a). When Mr. O'Hara's wife filed for bankruptcy under Chapter 7, the bankruptcy court concluded that the lien partially impaired her homestead exemption. See 11 U.S.C. § 522(f)(1)(A), (f)(2)(A); Cal. Civ. Proc. Code § 704.720.[1] The court thus avoided $4,042,446.38 of the lien, leaving $551,869.58 as valid and enforceable against her interest in the property.

Citing that avoidance order, Mr. O'Hara argued that he could use issue

---

[***] The Honorable Brian M. Cogan, United States District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

[1] Unless otherwise noted, all subsequent chapter and section references refer to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

2

preclusion to establish that only $551,869.58 of Chapman's claim remained secured for purposes of his case. But as both the bankruptcy court and the BAP recognized, that issue was not identical to the one in Ms. O'Hara's case. See Howard v. City of Coos Bay, 871 F.3d 1032, 1041 (9th Cir. 2017) (issue preclusion requires identical issues). Under § 522(f)(2)(A), the extent to which a lien impairs an exemption depends on the value of the lien and the debtor's interest in the property on the petition date. See In re Elliott, 969 F.3d 1006, 1011 (9th Cir. 2020); In re Chiu, No. NC-16-1071, 2017 WL 1149076, at *3 n.2 (B.A.P. 9th Cir. March 27, 2017), aff'd, 742 F. App'x 345 (9th Cir. 2018). Because Mr. O'Hara's petition date was not the same as his wife's, the avoidance order could not have decided the extent to which Chapman's claim impaired his interest in the property and, by extension, the amount that Chapman's claim remained secured.

2. The bankruptcy court correctly concluded that Chapman's entire claim was nondischargeable. The debt arose from a criminal restitution order. That falls squarely within Kelly v. Robinson, 479 U.S. 36, 50 (1986), which held that § 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." Seeking to sidestep this holding, Mr. O'Hara notes that the debt stems from a "victim restitution order" under California Penal Code § 1202.4(f), not a "restitution fine" under § 1202.4(b). This court has already rejected an identical argument. See In re Armstrong, 677 F. App'x 434, 435–36

3

(9th Cir. 2017).

**3.** The bankruptcy court did not abuse its discretion in dismissing Mr. O'Hara's case. First, the bankruptcy court did not clearly err in finding a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," which provided "cause" for dismissal under § 1112(b)(4)(A). Taken together, Mr. O'Hara's final three monthly operating reports showed a negative cash flow, which was enough to establish a "substantial or continuing loss." See In re USA Com. Mortg. Co., 452 F. App'x 715, 724 (9th Cir. 2011) (citing Loop Corp. v. U.S. Tr., 379 F.3d 511, 515–16 (8th Cir. 2004)). The record also revealed "the absence of a reasonable likelihood of rehabilitation." Mr. O'Hara had proposed an infeasible plan of reorganization, which depended entirely on his mistaken assumption that the majority of Chapman's claim was dischargeable. See In re Stinchfield, No. CC-17-1209, 2018 WL 1354339, at *4 (B.A.P. 9th Cir. March 13, 2018); In re Serron Invs., Inc., No. CC-11-1625, 2012 WL 2086501, at *5 (B.A.P. 9th Cir. June 8, 2012). Moreover, he offered little to no details regarding his newfound work as a "consultant," leaving the bankruptcy court to speculate whether he could sustain his current income. See In re Khan, No. CC-11-1542, 2012 WL 2043074, at *6 (B.A.P. 9th Cir. June 6, 2012). In these circumstances, the court did not clearly err in finding "cause" for dismissal.

4

Second, the court's failure to explicitly consider the alternatives to dismissal was, at most, harmless error. The Bankruptcy Code provides that, if "cause" exists, a bankruptcy court "shall" either dismiss a Chapter 11 case or convert it to a case under Chapter 7, "whichever is in the best interests of creditors and the estate, . . . unless the court determines that the appointment . . . of a trustee or an examiner is in the best interests of creditors and the estate." § 1112(b)(1). Here, Mr. O'Hara never advocated for an alternative to dismissal, and the record contains ample evidence that dismissal was in the best interests of creditors and the estate. The case had been pending for a year and a half, and Mr. O'Hara "had made no progress toward proposing a confirmable plan." In re Burris, No. CC-14-1552, 2015 WL 5922036, at *4 (B.A.P. 9th Cir. Oct. 9, 2015).[2] The proposed plan was "patently infeasible" and "creditors [were] being unreasonably delayed from pursuing available nonbankruptcy remedies." In re Villalon, No. NC-14-1414, 2015 WL 3377854, at *4 (B.A.P. 9th Cir. May 22, 2015). The bankruptcy court surely recognized this reality. Therefore, its failure to explicitly consider the alternatives to dismissal was, at most, harmless error.

---

[2] Although this case involved a Chapter 13 debtor, "the provisions governing dismissal or conversion of chapter 13 cases and chapter 11 cases are quite similar," and "cases decided under one chapter generally are persuasive in cases decided under the other chapter." In re Stinchfield, 2018 WL 1354339, at *4 n.9.

5

**4.** We have considered Mr. O'Hara's due process argument and conclude it is without merit. See In re Moore, 583 B.R. 507, 514 (C.D. Cal. 2018), aff'd sub nom. Moore v. U.S. Tr., 749 F. App'x 621 (9th Cir. 2019).

**AFFIRMED.**